## WALKER v. PORTER et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

COSTS—TAXATION—PARTITION PROCEEDING.

> Where a judgment in partition awards the costs to plaintiff, a further provision, awarding two of the defendants, who simply appeared in the action, their taxable costs and disbursements, necessarily limits them to the costs before notice of trial; and they are not entitled even to these where the judgment orders an actual partition without sale, and there is consequently no fund in court from which an allowance can be made to them.

Appeal from special term, Erie county.

Action for partition by Edward C. Walker, Jr., against Susanna Porter and another. From a portion of an order of the special term modifying the taxation of costs made by the county clerk of Genesee county, and refusing to make other modifications thereof, plaintiff appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Edward A. Washburn, for appellant.

M. H. Peck, for respondents.

MACOMBER, J.   The items of costs which were allowed to the defendants, Susanna Porter and Lovina Willis, and which were objected to before the taxing officer, were the statutory costs for proceedings after notice and before trial, for a trial fee, and for the additional fee where more than two days are occupied in the trial.   On motion by the plaintiff to strike out these items of costs the special term rejected the item of $30 for the trial fee, but left standing the other two items, namely, for costs after notice and before trial, and the item of $10 for the trial lasting more than two days.   This action was partition, and an interlocutory judgment was entered, providing for an actual partition of the premises between the parties.   There was no sale ordered of any portion of the common property.   The judgment provided that costs should be awarded to the plaintiff, and also that the defendants, Susanna Porter and Lovina Willis, should recover their taxable costs and disbursements.   These defendants did not answer or demur to the complaint.   They simply appeared in the action.   The provision in the judgment awarding them costs is consequently limited to the costs before notice of trial, namely, $10.   There was no modification made of the judgment containing such provision for costs, and the taxing officer and the special term were accordingly limited to the granting of that sum alone to the defendants.   We do not mean to hold that even this item could, if contested, be awarded to them, but so much is conceded by the plaintiff.   Inasmuch as the plaintiff was entitled to costs, it would seem to follow that the defendants could not recover any costs, unless there had been an actual sale of the premises, and a fund obtained therefrom which had been paid into court, and an allowance therefrom had been made to them as necessary expenses.   The learned counsel for the respondents, foreseeing this, has made an ingenious argument to the effect that it was the intention of the special term to grant to the defendants such a gross sum as an allowance for expenses in these proceedings.   But an answer to that proposition is:   First, that there is no fund in court from which to draw any such allowance; and, secondly, the existence of judgment above mentioned, which restricts these defendants to their taxable costs.   It follows, therefore, that so much of the order as is appealed from should be reversed.

Portion of the order appealed from reversed, with $10 costs and disbursements of the appeal, and the motion as originally made granted. All concur.